# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES SCOTT MEDFORD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-851 |
| INVENGO TECHNOLOGY CORP. and INVENGO TECHNOLOGY PTE. LTD., | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 11, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #29) was entered, vacating the Clerk's Entry of Default (Dkt. #7) and containing proposed findings of fact and recommendations that Plaintiff James Scott Medford's ("Plaintiff") Motion for Entry of Default Judgment (Dkt. #8) be denied and Defendant Invengo Technology Corp.'s ("Defendant") Motion to Set Aside the Entry of Default (Dkt. #21) be granted. *See* Dkt. #29.

Plaintiff filed objections to the Report (the "Objections") (Dkt. #36). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the

findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. Fed. R. Civ. P. 55(a). However, in the Fifth Circuit, default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (emphasis added). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As the Fifth Circuit Court of Appeals has explained:

> Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal. Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal citations and quotations omitted). Defendant has now appeared in this suit, and since the Court's original report and recommendations as to default judgment (Dkt.#16), has been actively defending the claims against it.

Noting that modern procedure favors a trial on the merits, the Fifth Circuit continues:

> To determine whether good cause to set aside a default exists—a decision necessarily informed by equitable principles—we have found it useful to

consider three factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.

*Id*. (internal citations and quotations omitted).

Plaintiff first objects to the Magistrate Judge's finding that Defendant's failure to respond was willful. However, nothing in the record is contrary to such a finding. Defendant's briefing, along with the testimony presented at the hearing on July 9, 2018, supports the Magistrate Judge's finding that Defendant's failure to respond was the result of either a miscommunication and/or an administrative oversight. Plaintiff's reliance on *Levitt-Stein v. Citigroup, Inc.*, 284 Fed. App'x 114, 116 (5th Cir. 2008), is unavailing because the issue there was not whether the specific actions amounted to deliberate indifference, but rather, whether the district court abused its discretion by declining to set aside the default judgment. *See id*; *see also Lacy*, 227 F.3d at 292 (explaining that even a slight abuse of discretion may justify reversal in the case of a default judgment). Although Defendant is not "free of fault in failing to discover the complaint," the Court finds that Defendant's conduct does not rise to the level of culpability or willfulness that "should prevent a court from setting aside the [Report recommending] default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 943 (5th Cir. 1999).

Plaintiff's remaining objections are similarly unavailing. The Magistrate Judge properly determined that Plaintiff failed to make a sufficient showing of actual prejudice, since Plaintiff will have the opportunity to litigate his case on the merits. And, as the Magistrate Judge noted, "[t]o the extent that Plaintiff seeks redress for his attorney's fees,

3

he may file an appropriate motion." As to Plaintiff's final objection, the Court agrees with the Magistrate Judge that Defendant sufficiently established that it has meritorious defenses. Plaintiff's complaint that counsel for Defendant must have personal knowledge of the facts surrounding the lawsuit to appropriately assert Defendant's defenses is baseless. Furthermore, Defendant is not required to prove its defenses at this stage. The Court will address the merits of the defenses at the proper time.

Based on the foregoing, the Court finds no error in the Magistrate Judge's conclusion that there was good cause to set aside the entry of default. Therefore, Plaintiff's Objections are **OVERRULED**.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion to Set Aside Entry of Default (Dkt. #21) is **GRANTED**, and Plaintiff's Motion for Entry of Default Judgement Against Defendant Invengo Technology Corporation (Dkt. #8) is **DENIED**.

   **IT IS SO ORDERED**.
   **SIGNED this 15th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE